## HALL *vs.* THE STATE OF GEORGIA.

The evidence in this case warranted a conviction of murder. The court gave the law correctly in charge to the jury as to the several grades of homicide, and committed no error of law in his instructions or in refusing to charge as requested.

Judgment affirmed.

February 24, 1885.

BLANDFORD, Justice.

[Hall was indicted for the murder of his wife. The evidence showed that they had been quarrelling; that Hall went to a neighbor's early in the morning, stated that he had killed his wife, and sent for the owner of the place on which they lived. On his arrival, defendant stated that he and his wife had been quarrelling; that he told her he would kill her if she did not hush; that she did not believe he would do it, and told him to " cut away;" that she had tried him once with poison and failed, but would " get him;" that he struck her over the head with an ax, and then severed her head almost from her body. On examination, a wound in the temple was found, the neck was almost severed, and the bloody ax was also discovered.

The jury found the defendant guilty. Defendant moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court charged §§4330, 4333 of the Code, especially the last.

(3.) Because the court refused to charge as follows : " If the provocation given was of such a character that it excited the prisoner with such great and sudden heat of passion that he could not resist its influence, and the killing was caused by such passion, and not solely on account of the provocation given, then he would be guilty of voluntary manslaughter and not murder."

(4) Because the court refused to charge as follows : "If the jury believe from the evidence that no assault was made by the deceased upon the prisoner, but if the provocation was such as to excite the passions of a reasonable man, and the killing was the result of that sudden, violent impulse of passion, supposed to be irresistible, and not from any mixture of any malice or deliberation, then the killing is not murder, but voluntary manslaughter."

The motion was overruled, and defendant excepted.]